RICHARDS (VENABLE v.). See Case No. 16,913.

RICHARDS, The JOHN. See Case No. 7,361.

---

## Case No. 11,774.

### In re RICHARDSON et al.

[2 Ben. 517;[1] 2 N. B. R. 202 (Quarto, 74); 2 Am. Law T. Rep. Bankr. 20.]

District Court, S. D. New York. Oct., 1868.

BANKRUPTCY—POWER OF THE COURT—DIFFERENT DISTRICTS—INJUNCTION.

1. Where bankruptcy proceedings had been commenced and were pending in Louisiana, and, thereafter, a suit was commenced against the bankrupts, in a court of the state of New York, to collect a debt provable in bankruptcy, and the bankrupts applied to this court, on petition, for an injunction staying proceedings in that suit until the close of the bankruptcy proceedings in Louisiana: Held, that a district court of the United States had no power to grant such relief, independently of the bankruptcy act [of 1867 (14 Stat. 517)].

[Cited in Goodall v. Tuttle, Case No. 5,533; Re Tifft. Id. 14,034.]

2. No such power was conferred on any district court, by the bankruptcy act, except that one in which the bankruptcy proceedings were pending.

[Cited in Markson v. Heaney, Case No. 9,098; Jobbins v. Montague. Id. 7,330; Lamb v. Damron. Id. 8,014.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In the matter of the petition of Henrietta A. Richardson and Josiah B. Richardson, bankrupts.]

N. Appleton, for petitioners.

BLATCHFORD, District Judge. The petioners reside in New Orleans. They have been adjudged bankrupts by the district court of the district court of the United States for . the district of Louisiana. They now present a petition to this court, setting forth that one Withers has brought a suit against them in the supreme court of New York, in the nature of an action in debt, to recover $24,032.71 on two promissory notes made by the petitioners, payable to the said plaintiff or order; that the petitioners have appeared in said suit, and put in an answer denying any indebtedness to the plaintiff on the notes; and that the indebtedness, if any, is provable under the proceedings in bankruptcy. The petition prays for an injunction to be issued by this court, restraining all further proceedings in said action until the final adjudication of the district court in Louisiana, in the proceedings there pending.

Independently of the bankruptcy act of 1867, a district court of the United States can have no jurisdiction to grant the relief asked for by this petition. No such jurisdiction is conferred upon a district court by any statute of the United States, unless it is conferred by such bankruptcy act. The question to be determined, therefore, is whether, by that act, any power is conferred upon this court to grant the prayer of this petition.

The first section of the act is limited to the powers of the court in which the bankruptcy proceedings are pending—the court in which the proceedings in bankruptcy are commenced in the manner specified in the thirty-eighth section of the act.

The second section is also limited to the powers of the district court of the district where the proceedings in bankruptcy are pending, and to the powers of. that court in regard to suits by and against the assignee in bankruptcy.

The twenty-first section, which is the one giving to district courts the power of granting injunctions to stay suits and proceedings to recover debts from bankrupts, cannot be construed as conferring such power upon any other district court than the "court in bankruptcy," which means the court where the bankrupt proceedings are pending.

No other section of the act confers upon this court the power invoked.

Whether the petitioners, as citizens of Louisiana, could not obtain relief by a proper form of suit in the circuit court for this district, under the general equity powers which that court exercises independently of the bankruptcy act, or whether, by reason of the inability of the district court of Louisiana to extend its remedial functions so as to make efficient the relief asked for here, and the want of power in this court to grant such relief, the petitioners and others in a like position are without practical remedy in the courts of the United States, unless there be further legislation by congress on the subject, are questions I am not here called upon to determine.

I ought, perhaps, to say, that if the proceedings in bankruptcy by the petitioners were pending in this court, the case is hardly one in which this court would interpose, under the twenty-first section, by injunction, to stay the suit in the state court, for the reason that the indebtedness is disputed. The suit would be allowed, under the twenty-first section, to proceed to judgment for the purpose of ascertaining the amount due.