## Case No. 7,979.

### In re LADY BRYAN MIN. CO.

District Court, D. Nevada. Sept., 1870.

[See Case No. 7,978.]

---

## Case No. 7,980.

### In re LADY BRYAN MIN. CO.

[6 N. B. R. 252.] [1]

District Court, D. Nevada. Sept. 30, 1870.

INVOLUNTARY BANKRUPTCY — INJUNCTION—WHEN SUSTAINED.

An injunction was granted on an order to show cause before adjudications in bankruptcy had taken place, to restrain the sheriff and all other persons from selling the property of the alleged bankrupt, on a judgment obtained by default in a suit brought in the state court. The sheriff moved to dissolve the injunction on the following grounds:—First, that said injunction is not addressed to any person, therefore does not include the sheriff and judgment creditor. Second, that the court has exceeded its just power, and cannot lawfully restrain the judgment creditor from selling the property in question, the judgment not being impeachable for fraud or as preference under the bankrupt act [of 1867 (14 Stat. 517)], the judgment having been docketed before the filing of the petition. Held, first, when the injunction was served upon the sheriff and judgment creditor, it plainly apprised them of what they were restrained from doing, and the fact that they were not named in the order can make no substantial difference. Second, that

1 [Reprinted by permission.]

neither the judgment nor the levy of execution divests the alleged bankrupt of his property, and he would be bound to include such estate in his inventory if adjudged a bankrupt; and further, that the bankruptcy court may, in the exercise of a lawful jurisdiction, restrain by injunction the sale of property under an execution issued from a state court, even before the commencement of proceedings in bankruptcy.

[Cited in Phelps v. Sellick, Case No. 11,079; Re Hufnagel, Id. 6,837.]

W. T. Cummings, sheriff of Storey county, and Ely Johnson, moved to dissolve the injunction issued herein upon the following state of facts: On the twelfth day of August, eighteen hundred and seventy, said Ely Johnson commenced a suit in the first district court for Storey county, Nevada, against the Lady Bryan Mining Co., to recover the sum of about two thousand eight hundred dollars. [Upon his motion the court also vacated its order making the company a bankrupt, upon the ground that said bankruptcy had been illegally obtained. Cases Nos. 7,978, 7,979.] Summons was duly served, and on the twenty-third of August, the defendant having failed to appear, judgment by default was entered against it, and docketed, and an execution thereon issued to the sheriff, who levied on the real property of the corporation and advertised it for sale. Subsequently, on the second day of September, eighteen hundred and seventy, Henry Donolly, a creditor of the corporation, filed his petition praying that it might be adjudged a bankrupt; and thereupon an order to show cause was made; and upon application therefor it was further ordered "that said Lady Bryan Mining Co., and all other persons be restrained in the meantime from making any disposition of said Lady Bryan Mining Co.'s property, not excepted from the operation of the bankrupt act, and from any interference therewith." This order was served September third on Johnson and the sheriff.

BY THE COURT. The first ground upon which the motion to dissolve is based is that said injunction is not addressed to any person. Section forty gives this court power, upon making an order to show cause, to restrain by its injunction the debtor and any other person from transferring, disposing of, or interfering with the debtor's property—between the time of filing the petition and the hearing of the order to show cause. This order may be made without notice, and its office is to preserve the property of the debtor until the question of bankruptcy is determined. In the present case the injunction is in the form of an order, and is addressed to the Lady Bryan Mining Co. and all other persons who may attempt to transfer or interfere with the property of that company, and when served upon the sheriff and Johnson, as it was, it plainly apprised them of what they were restrained from doing. The fact that they were not named

in the order can make no substantial difference. Any distinction between a writ of injunction and an order in the nature of one, has been disregarded in practice. Hil. Inj. 42; Erie & N. E. R. Co. v. Casey, 26 Pa. St. 292. The second ground is that this court has exceeded its just power, and cannot lawfully restrain the judgment-creditor, or the sheriff, from selling the property under the execution issued out of the state court. Johnson having obtained a judgment, and it having been docketed before the filing of the petition in bankruptcy, the judgment, not being impeachable for fraud or as a preference, is a lien which this court must protect. But it is only a lien, for neither the judgment nor the levy of execution divests the bankrupt of its property in the estate levied upon, and it would be bound to include such estate in its inventory as part of the assets. I am fully satisfied that this court may, in the exercise of a lawful jurisdiction, restrain by injunction the sale of property under an execution issued from a state court before the commencement of proceedings in bankruptcy, and that this may be done by restraining the judgment creditor or the officer about to make the sale, or both. Looking at the first section of the bankrupt act, it is difficult to imagine how a more unrestricted jurisdiction over matters in bankruptcy could have been granted. All the assets and all the parties in interest are to be brought before the court, priorities adjusted. liens ascertained and liquidated, and the different funds and assets marshalled and distributed. The grant of these powers carries with it the right to employ such process, mode of procedure and remedies, as are indispensable to make the grant effectual. In this case the real estate levied on is assets, and power to collect the assets is given. But this power is of no avail in this proceeding, unless the court can preserve the assets until the question of bankruptcy is determined. By section fourteen, the assignee has power under the direction and order of the court to sell encumbered property. Can it be doubted that the court may make this provision effectual? Section twenty gives the court power to direct a sale of property upon which a creditor has a lien, which can be wholly defeated if the position of the sheriff in this case is correct. The judgment creditor claims a lien upon the property under levy, but whether it is a valid lien or not, the law says the court of bankruptcy shall ascertain, and that if it is found valid it shall be liquidated in that court—provisions which would be rendered nugatory unless the sheriff can be restrained. There may, no doubt, be cases where no good could be accomplished by issuing an injunction, but this is not such a case. Johnson's debt does not exceed three thousand dollars, for which he has a judgment bearing ten per cent. interest. His lien embraces property

valued at some twenty thousand dollars, and it appears that it would be most advantageously sold in one parcel at private sale. The only damage to the judgment creditor will be a little delay, while the general creditors may suffer a serious loss by the forced sale of this large amount of property to satisfy so small a debt. Motion denied.