MILLER, In re. See Case No. 740.

## Case No. 9,551.

### In re MILLER.

[6 Biss. 30.] [1]

Circuit Court, N. D. Illinois. March, 1874.

COURTS—CONFLICT OF JURISDICTION — BANKRUPTCY COURT—FRAUDULENT PREFERENCE—ENJOINING SUIT IN STATE COURT.

1. When the bankrupt law [of 1867 (14 Stat. 517)], cannot be properly administered by the bankruptcy court, owing to the interference of a state court and its determination to adjudicate upon the rights of parties and property in the bankruptcy court, then the latter ought not to hesitate to assert its authority.

2. In questions under the bankrupt act, the federal and state courts are not independent, but the former are superior.

3. The finding of a jury that the debtor had committed an act of bankruptcy by making a preference to a creditor in transferring property to him, was in this case substantially an instruction to the marshal to take possession of it, or a ratification of his act, and the marshal was authorized so to do.

4. A decision by the bankruptcy court that a transfer was in fraud of the act is binding upon the state courts, and the creditor must come into the bankruptcy court to assert his rights as against such decision.

5. If, however, he sue the marshal and the assignee in trespass in a state court, the bankruptcy court may enjoin the parties to the suit.

[Appeal from the district court of the United States for the Northern district of Illinois.]

E. A. Sherburne, for Baldwin, creditor.
George Herbert and Holmes, Rich & Noble, for the marshal.

DRUMMOND, Circuit Judge. A question of some practical importance was argued before me yesterday, which involves to some extent a conflict of jurisdiction between the state and federal courts. It is rather a peculiar case, and I am not aware that the same question has ever been presented before in any reported case.

The facts are that a petition in bankruptcy had been filed against one S. S. Miller. One of the grounds for adjudication was that he had been guilty of an act of bankruptcy in disposing of some of his goods two days before the filing of the petition, to one Baldwin, a creditor, with an intent to give a preference to him, and in fraud of the bankrupt act. The jury found the allegation to be true, and a decree in bankruptcy was entered against Miller. The effect of this decree was to establish that the sale to Baldwin was fraudulent as against the bankrupt law. A warrant had issued from the bankrupt court, and the property, which it had been claimed was sold by Miller to Baldwin, was taken by the marshal and turned over to the assignee, who sold it and now holds the proceeds.

Baldwin then brought an action of trespass in the superior court of Cook county against the marshal and the assignee, to recover damages for taking the property. The petition

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

presented in the district court asked for the interposition of the court in that suit in the state court, and set forth the above facts, and that Baldwin was a witness in the bankruptcy suit. There were also some affidavits filed, between which and the petition some discrepancies existed. The court on that petition made an interlocutory order restraining Baldwin and his attorneys from prosecuting the suit in the state court until further order.

On a motion to set aside this order, the whole question has been fully argued before me. The case is peculiar in this respect: that Baldwin was a witness in the bankruptcy proceedings, and in a certain sense appeared therein, and it was claimed that it was partly on his testimony that the adjudication was found against Miller. Although, therefore, he was not nominally a party to the bankruptcy proceedings, still, it is insisted he was really a party and had notice of those proceedings and of the adjudication. This being so, the question is whether it was proper for Baldwin under the circumstances and without leave of the bankruptcy court to commence, in the state court, a suit founded on the very sale of property in consequence of which an adjudication in bankruptcy was rendered. It was stated, in an affidavit filed, that the assignee was a party to the suit in the state court at the time of the granting of the injunctional order, but that the suit had since been dismissed as to him. This fact is relied upon by the counsel for Baldwin, as giving him a stronger standing in the state court. The suit being now only against the marshal, and not interfering with the property, and being for damages only, it is contended that Baldwin has a right to maintain his suit, although the assignee has the proceeds of the property.

An embarrassing question arises, because, it is said, all these facts have been presented to the state court, which has refused to consider them, and is determined to go on and render a judgment in the case. The question is, then, whether this was a proper proceeding on the part of Baldwin? I am inclined to think it was not, and, although it might be unpleasant to interfere with the state court, still, when the law could not be properly administered by the bankrupt court, owing to the interference of the state court and its determination to adjudicate on the rights of parties and property, as in this case, then the bankrupt court ought not to hesitate to assert its authority.

There seems to be an erroneous view prevailing among some of the bar and the public, that the state and federal courts are independent of each other in all questions of this kind—that when the state court is called on to yield, it is not consistent with its dignity to submit and allow itself to be overruled. This is not so. The state and federal courts are one for some purposes and distinct for others. The general government is supreme within its legitimate sphere, and this necessitates the state court yielding in such instances. Now the constitution gave power to congress to pass a bankrupt law, and gives the bankrupt court the power over the rights and property of the citizens of the states, and the present law declares that certain proceedings in the state courts shall be of no effect.

For instance, the bankrupt act dissolves all attachment suits commenced within a certain time prior to bankruptcy proceedings, and vests the property attached in the assignee. This is done by virtue of the general power which is given to congress to pass bankrupt laws. This law also puts an end to all insolvent proceedings under the laws of the states, and hence they are ipso facto rendered inoperative when bankruptcy proceedings are taken.

In the present case, then, under this state of things, what is the effect of bankruptcy proceedings? It is this: that this contract between Baldwin and Miller was declared a fraud on the bankrupt law, and inoperative as to creditors. Consequently, a decree in effect that this property belonged to the creditors, and that the assignee had a right to it under the fourteenth section of the bankrupt act.—which declares that "all property conveyed by a bankrupt in fraud of his creditors shall pass to the assignee,"—was substantially by relation an instruction to the marshal to take possession of it. It can hardly be said to be like the case where a party prosecuting in the state court is an entire stranger to the bankruptcy proceedings.

The decree must be presumed to have been correct. It might be said that while the sale by Miller was a fraud on the creditors, still Baldwin was no party to it and that "if he did not have reasonable cause to believe that a fraud was intended, and that the debtor was insolvent," the sale was good as to him. Who, however, is to decide this? It is admitted on all sides that this is a question which the federal court has the right to decide. This being a federal question, could an ultimate decision be rendered by the state courts? Was the assignee bound to follow Baldwin through every state court up to its highest tribunal, and so on to the supreme court of the United States, or must he come into the federal court and assert his rights. Either the case must go to the supreme court of the United States under the 25th section of the judiciary act [1 Stat. 85], or Baldwin must come into the federal court.

In the case of Buck v. Colbath, 3 Wall. [70 U. S.] 334, it was claimed that the marshal had improperly taken the property of "B." in an attachment suit in the federal court for the property of "A." There "B." was allowed to sue the marshal in the state court. In that case the supreme court put it on the ground that the question in the federal court was not as to the title to property between "A." and "B." But in the case now before the court that is the question, and the federal court has in one respect decided that

the property was Miller's; and this it had a right to decide, as is said by the supreme court in the case of Ex parte Christy, 3 How. [44 U. S.] 292. In Freeman v. Howe, 24 How. [65 U. S.] 450, it was decided that when the property is in the possession of the marshal it could not be interfered with by a process from the state court; and here the property was in effect in the possession of the court or its officers, and the maintenance of the action in the state court depends on the construction to be given to the bankrupt law.

It often happens that the federal and state courts decide differently between citizens of a state as to the rights of property, but here the federal court is, under the bankrupt law, the ultimate arbiter as to the construction of the bankrupt law, and by this the state courts are bound. This property must, therefore, come into the federal court to have rights determined. It is asked how Baldwin can have an appeal or writ of error. He has dismissed the suit against the assignee, but the assignee has the property or the proceeds, and Baldwin has a complete remedy for the value of the property taken against him; and an appeal or writ of error will lie, for the value of the property taken, in a suit against the assignee just as in any other case.

The order of the district court is only temporary, and under the peculiar circumstances of the case I shall not at present interfere with it. If there are any facts which in the opinion of counsel may justify it, Baldwin can make application to the bankruptcy court to proceed with his suit in the state court.

See further that an injunction will not be granted to stay proceedings in a suit instituted in a state court against the marshal for taking possession of property which did not belong to the debtor, under a warrant in involuntary proceedings. In re Marks [Case No. 9,095].