BLAKE, MOFFITT & TOWNE et al. v. FRANCIS–VALENTINE CO. et al.

(District Court, N. D. California. October 20, 1898.)

No. 275.

1. BANKRUPTCY—CONSTRUCTION OF STATUTE.

The national bankruptcy act is remedial, and should be interpreted reasonably and according to a fair import of its terms, with a view to effect its object and to promote justice.

**2. SAME—TIME OF TAKING EFFECT.**
From the date of the taking effect of the bankruptcy act of 1898, which was that of its passage, July 1st, though by its terms no proceedings thereunder for involuntary bankruptcy could · be commenced for four months thereafter, the relations of debtor and creditor and those between creditors were governed by its provisions; and an act of bankruptcy committed by a debtor after that date entitles every creditor to the rights given by the act, and to invoke the aid of the court in preserving such rights until they are enforceable.                              •

**3. SAME—POWERS OF COURTS OF BANKRUPTCY—INJUNCTION.**
A district court of the United States, as a court of bankruptcy, under the act of July 1, 1898, has the power to enjoin the sale of · property of a debtor under process from a state court, and to preserve such property until the time arrives when a petition in bankruptcy under the act may be filed against him, where it is shown that such process is the result of an act of bankruptcy committed by the debtor since the passage of the act, in suffering one creditor to obtain a preference through legal proceedings.

## On Motion to Dissolve Restraining Order.

This bill is brought to obtain an injunction against the sheriff of the city and county of San Francisco, the Donohoe-Kelley Banking Company, and other creditors of · the Francis-Valentine Company, from selling, disposing, or interfering with the property of the Francis-Valentine Company until after proceedings can be brought in the bankruptcy court to have the · Francis-Valentine Company adjudged a bankrupt. The bill, among other things, alleges that on August 31, 1898, the Francis-Valentine Company was, and still is, insolvent; that on said date it caused its property to be attached by the Donohoe-Kelley Banking Company, with intent to prefer said company, in violation of the national bankruptcy act, and to defraud, hinder, and delay complainants and other creditors; that no defense was made to said suit; that judgment has been obtained therein, execution issued thereon, and property advertised for sale on October 10, 1898; that said proceedings were instituted by fraud, collusion, and conspiracy, with the intent and purpose to secure a sale of the property before any petition could be filed in the bankruptcy court by the creditors, and to deprive said creditors of their just rights in the premises under the provisions of the bankruptcy law; that voluntary proceedings in bankruptcy could not be instituted by said Francis-Valentine Company, it being a corporation. Upon the filing of the bill complainants obtained an order requiring the respondents to show cause on October 20, 1898, why an injunction should not issue, and that in the meantime the respondents, and each of them, be restrained, etc. On October 12, 1898, the respondent the Donohoe-Kelley Banking ·Company filed an answer denying all the allegations of the complainants' bill, charging fraud, conspiracy, and collusion, or that the attachment suit was instituted for the purpose of hindering, delaying, or defrauding any of the creditors of the Francis-Valentine Company, or with the intent, understanding, or design of giving to any creditor an unlawful preference; "that said suit was commenced and said attachment was issued and levied upon the property of said Francis-Valentine Company by said Donohoe-Kelley Banking Company for the sole and only purpose of obtaining the amount due from said Francis-Valentine Company to said Donohoe-Kelley Banking Company in the manner and by the means and methods provided by law," etc. Upon the filing of this answer the Donohoe-Kelley Banking Company moved to dismiss the restraining order. The motion was heard upon the bill of· complaint and answer.

The following are the provisions of the bankruptcy act relating to the jurisdiction of the district court, referred to in the opinion:

"Sec. 2. That the courts of bankruptcy as hereinbefore defined, viz. the district courts of the United States in the several states, * * * are hereby ·made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed,

with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held. to * * * (2) allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates; (3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified; * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; * * * (15) make such orders. issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act. * * *

"Sec. 23—c. The United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act. * * *

"Sec. 67. Liens.—f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

Myrick & Deering, Gordon & Young, and C. K. Bonestell, for complainants.

Philip G. Galpin and A. E. Bolton, for respondents.

HAWLEY, District Judge (after stating the facts). The national bankruptcy act establishes a uniform system, and regulates, in all their details, the relations, rights, and duties of debtor and creditor. It should be interpreted reasonably and according to a fair import of its terms, with a view to effect its objects and to promote justice. Black, Bankr. 274; In re Muller, Fed. Cas. No. 9,912; Silverman's Case, Fed. Cas. No. 12,855. The district courts are made courts of bankruptcy, and are invested with such jurisdiction at law or in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings. Black, Bankr. 6–10; In re Miller, 6 Biss. 30, Fed. Cas. No. 9,551; In re Bowie, Fed. Cas. No. 1,728. The various provisions of the act of July 1, 1898, relating to the jurisdiction of the bankruptcy court, are set forth in the statement, and need not be here repeated. The act was approved July 1, 1898. It provides that:

"This act shall go into full force and effect upon its passage: provided, however, that * * * no petition for involuntary bankruptcy shall be filed within four months of the passage thereof."

It will thus be seen that the law is in full force and effect, but no proceedings can be instituted thereunder by petition in cases of involuntary bankruptcy until four months after the passage of the act. The question therefore arises whether in the meantime the district court, as a court of bankruptcy, upon the state of facts alleged in the bill, and not denied in the answer, has jurisdiction to issue an injunc-

tion to enjoin the state court from proceeding to sell the property of the Francis-Valentine Company under the writ of execution issued in the action brought against it by the Donohoe-Kelley Banking Company. Upon an interpretation of the act, upon reason and authority, I am of opinion that from the date of the passage of the act, the relation of debtor and creditor, and of one creditor with all other creditors, are to be governed by the provisions of the law enacted on July 1, 1898. It is alleged in the bill, and not denied by the answer, that the Francis-Valentine Company, after the passage of the act, committed acts of bankruptcy. It suffered and permitted, while insolvent, the Donohoe-Kelley Banking Company to obtain by an attachment "a preference through legal proceedings." Bankruptcy Act, § 3, subd. 3. Under the provisions of the act a debtor in failing circumstances is prohibited from giving a preference to one creditor to the prejudice of other creditors. Every creditor has the right to an equal participation with every other creditor, and this right can only be secured by the means afforded by the act. It affirmatively appears that the means afforded cannot be set in motion until four months after the act took effect, which time has not expired. It will thus be seen that a right is created by the law, which is in full force and effect, but the remedy which the law provides in order to secure and enforce the right is not at present available. Has this court any authority under the law to issue an injunction for the purpose of preserving the property of the debtor until the time arrives when the remedy afforded by the statute can be resorted to; giving the creditors, complainants herein, the right to file their petition and have the property of the debtor administered upon by regular proceedings in this court, as a court of bankruptcy? I am of opinion that upon the facts as set forth in the bill and answer this court has jurisdiction in the premises, and that it has the power to issue an injunction as prayed for herein, in order that the rights of all the parties under the law may be protected, and the property of the debtor preserved until the remedy given by the bankruptcy act can be put in operation. This conclusion is, in my opinion, supported by the provisions of the bankruptcy act, and is sustained by the principles announced in several of the adjudicated cases under the bankruptcy act of 1867 (14 Stat. 517), which act, in respect to the jurisdiction of the court of bankruptcy, is substantially the same as the present act. In re Lady Bryan Min. Co., 6 N. B. R. 252, Fed. Cas. No. 7,980; In re Bowie, Fed. Cas. No. 1,728; In re Mallory, 1 Sawy. 88, 94, Fed. Cas. No. 8,991. It is true that, in the cases cited, proceedings had been commenced in the bankruptcy court to adjudge the debtor to be a bankrupt. But no such adjudication had been made, and the court was not advised, and in the nature of things could not be advised, whether the debtor would thereafter be adjudged a bankrupt or not. In proceedings relating to voluntary bankruptcy, the filing of the petition is, of itself, an act of bankruptcy; and the debtor then surrenders all his estate and effects for the benefit of his creditors, and is at once, without any hearing, adjudged a bankrupt. The district court is thereby clothed in such cases, upon the filing of the petition, with jurisdiction over the debtor and his property. But where the proceedings are involuntary the debtor is not, and cannot

be, adjudged a bankrupt until the return and hearing of the order to show cause, and will not then be adjudged a bankrupt, if he has any good and sufficient defense.    In Re Lady Bryan Min. Co., where a creditor had filed a petition praying that the corporation might be adjudged a bankrupt, and at the same time obtained an injunction similar to the injunction in this case, the court, upon motion to dismiss the injunction, held that the district court, as a court of bankruptcy, might, in the exercise of a lawful jurisdiction, restrain by injunction the sale of property under an execution issued from a state court before the commencement of proceedings in bankruptcy.    In the course of the opinion the court said:

"Looking at the first section of the bankrupt act, it is difficult to imagine how a more unrestricted jurisdiction over matters in bankruptcy could have been granted.    All the assets and all the parties in interest are to be brought before the court, priorities adjusted, liens ascertained and liquidated, and the different funds and assets marshaled and distributed.    The grant of these powers carries with it the right to employ such process, mode of procedure, and remedies as are indispensable to make the grant effectual.    In this case the real estate levied on is assets, and power to collect the assets is given.    But this power is of no avail in this proceeding, unless the court can preserve the assets until the question of bankruptcy is determined."

The same question was again presented in the same court in the case of In re Mallory, and an elaborate opinion was prepared by the district judge in support of the views expressed by him in the Lady Bryan Min. Co. Case.    In this case an appeal was taken to the circuit court, Justice Field presiding, and was there affirmed.    In re Mallory, 1 Sawy. 88, 98, Fed. Cas. No. 8,991.    With reference to the jurisdiction of the district court in bankruptcy proceedings, Judge Giles, in Re Bowie, Fed. Cas. No. 1,728, said:

"This court has, by virtue of the first section of the bankrupt act of 1867 (14 Stat. 517), full and adequate jurisdiction over all matters relating to the settlement of the bankrupt estate, either at law or in equity, by way of petition or bill; and that whenever a case is presented which shows that the relief sought by the petition is absolutely necessary to protect the interest of the general creditors, and to save from sacrifice the estate of the bankrupt, such relief will be granted."

The act of 1867 provided:

"Sec. 50.  And be it further enacted, that this act shall commence and take effect as to the appointment of the officers created hereby, and the promulgation of rules and general orders, from and after the date of its approval: provided, that no petition or other proceeding under this act shall be filed, received, or commenced before the first day of June, anno Domini, eighteen hundred and sixty-seven."

In Bank v. Campbell, 14 Wall. 87–94, the court said:

"We are of opinion that the proviso to the fiftieth section of the bankrupt act, which declares that no petition or other proceeding under it shall be commenced before the 1st day of June, 1867, is limited in its effect to such commencement, and that any act done after its approval, March 2, 1867, in fraud of the purpose of the statute, was within its prohibitions."

The jurisdiction of the district court to issue an injunction in such cases, as well as in a case like the present, grows out of the administration of the law, which gives to courts of bankruptcy, under certain circumstances, authority to take such steps and exercise such power as may be necessary in order to protect the rights of all the creditors.

Other cases might be cited where similar powers have been exercised by the bankruptcy courts, outside of the regular order prescribed by the statute, where the urgencies and special circumstances of the case seemed to demand that such a course should be pursued in order to protect the rights given by the statute.

The statute of 1898 declares that acts of bankruptcy by a person shall consist, among other things, of his having "suffered or permitted, while insolvent any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference." It is therefore unnecessary upon this motion to discuss the question as to the sufficiency or effect of certain allegations in respondents' answer. It is enough to say that the levy made upon the property, and the issuance of an execution upon the judgment, etc., might, if the sale of the property is unrestrained, result in giving a preference to the Donohoe-Kelley Banking Company over the other creditors of the Francis-Valentine Company. This is of itself sufficient to authorize the court to issue an injunction to preserve the property until such time as the rights of all the parties may be heard and determined in the bankruptcy court. It will be for the court in such proceedings to determine whether or not, upon the facts which may be presented, the Francis-Valentine Company should be adjudged a bankrupt, and, if so, whether or not the attachment lien of the Donohoe-Kelley Banking Company is a valid lien upon the property of the bankrupt. Moreover, no answer has been filed by the Francis-Valentine Company, the alleged insolvent, and one of the respondents in this suit. As is said in 2 High, Inj. § 1532:

"Courts of equity are usually more strict in requiring a positive denial from all the defendants before dissolving an injunction granted on the ground of fraud, than in ordinary cases. And, where the bill implicates two defendants in the same charge of fraudulent conduct, the court will require the answer of both defendants before granting a motion to dissolve." Price v. Clevenger, 3 N. J. Eq. 207.

The contention of respondents' counsel that this court cannot exercise any jurisdiction in the premises, unless the bankruptcy proceedings are pending in the court, cannot be sustained. An examination of the authorities cited clearly shows that the cases where such language was used have no application to the case at bar. Take In re Richardson, 2 Ben. 517, Fed. Cas. No. 11,774, for example. There bankruptcy proceedings had been commenced and were pending in Louisiana, where the petitioners resided. They brought suit in New York, in the district court, for an injunction to stay proceedings in a suit of the state court of New York until the "close of the bankruptcy proceedings in Louisiana"; and the court properly held that it had no jurisdiction, because no such power was conferred on any district court, except that one "in which the bankrupt proceedings were pending." Here all parties are residents of this district, and the bankruptcy proceedings can only be commenced and prosecuted in this court. This is not a creditors' suit, and hence does not come within the rule announced in the authorities cited by respondents' counsel, that a creditor at large, before judgment, is not entitled to the inter-

ference of the court by injunction to prevent the debtor from disposing of his property in fraud of such creditors.

It is not necessary to review at length the authorities which hold that the assignee or trustee in the bankruptcy proceedings is authorized to bring and maintain suits concerning the rights of property belonging to the debtor. It is enough to say that no trustee has been appointed, or can be appointed, until after the proceedings in bankruptcy have been commenced. But all the authorities which discuss this question are to the effect, as stated in Bump, Bankr. (10th Ed.) 229, that, before the appointment of an assignee (or trustee), proceedings for an injunction to protect the property of the bankrupt may be instituted by the bankrupt or the petitioning creditor. After an assignee or trustee has been appointed, he is the only person who could institute such proceedings on behalf of the bankrupt estate. Whenever the proceedings sought to be enjoined are prosecuted for the purpose of enforcing a valid lien, and were instituted before the commencement of proceedings in bankruptcy, the courts, in granting or refusing an injunction, are governed by the same principles that regulate their action in the liquidation of liens, and will only interfere when it clearly appears that such interference will benefit the creditors generally. The motion to dissolve is denied.