In re DUGUID et al.

(District Court, E. D. North Carolina. March 16, 1900.)

1. BANKRUPTCY—EXEMPTIONS—PARTNERSHIP ASSETS.

In North Carolina, in case of the bankruptcy of a partnership, where there are firm assets, but no individual estate, each partner is entitled to receive, out of the partnership assets, the exemption allowed by the law of the state, provided the other partner or partners consent thereto.

2. SAME—WHO SUBJECT TO BANKRUPTCY LAW—INFANT.

An infant cannot be adjudged bankrupt in either voluntary or involuntary proceedings. If a member of a partnership, he cannot join in a voluntary petition by the firm, nor be included in an adjudication made thereon.

3. SAME—PARTNERSHIP—INFANT PARTNER.

Upon a voluntary petition in bankruptcy presented by the adult member of a firm, the partnership, as well as the petitioning partner, may be adjudged bankrupt, and the partnership property, as well as the separate estate of the adult partner, may be administered in the bankruptcy proceedings, although no adjudication can be made against the infant partner.

4. SAME.

Bankr. Act 1898, § 5, subd. h, providing that, "in the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt," does not apply to a case where the infancy of one of the partners was the reason for excepting him from the adjudication.

5. SAME—DISSOLUTION OF LIENS—PROCEEDS OF EXECUTION SALE.

Where judgment is recovered against a firm composed of an adult and a minor, and the property of the firm is sold on execution thereunder, and within four months thereafter the partnership is adjudged bankrupt on the voluntary petition of the adult member, the trustee in bankruptcy is entitled to the entire proceeds of the execution sale remaining in the sheriff's hands, less costs of sale, after setting off the amount allowed to the partners as exempt under the laws of the state.

In Bankruptcy. On review of decision of referee in bankruptcy.

D. L. Ward, for creditors.
R. B. Nixon, for bankrupt.

PURNELL, District Judge. A petition entitled "In re Duguid & Son and S. S. Duguid" was filed in the office of the clerk of the district court at New Berne, N. C., at 5 p. m., January 29, 1900, and the judge, being absent from that division of the district, was, under section 18g of the bankrupt act, referred to the referee, who on January 31st adjudged Sallie S. Duguid a bankrupt. The prayer of the petition is that the firm may be adjudged bankrupt, within the purview of the bankrupt act, and states that James A. Duguid, the "son," is a minor, and he and his general guardian have heretofore agreed to a dissolution of the partnership, and left the settlement of the partnership affairs to petitioner. The partnership's assets and debts are scheduled, and it appears in the schedules and otherwise that the partnership has committed acts of bankruptcy in permitting judgments to be taken and preferences obtained, and is unable to pay its debts.

The referee finds the following facts:

"That on the 15th day of January, 1900, the Geo. Dewitt Shoe Company secured judgments against Sallie S. Duguid and James A. Duguid, who composed the firm of Duguid & Son. The summons was served on Mrs. S. S. Duguid, and James A. Duguid was represented in court by counsel. James A. Duguid is a minor. No appeal was taken from said judgments, but they are now judgments of a court of competent jurisdiction, and in full force and effect, no appeal having been taken. That execution issued on said judgments was placed in the hands of the sheriff of Craven county, and levied on stock of goods belonging to S. S. Duguid and James A. Duguid. The levy was on the excess, after setting apart $500 to each of the defendants in the execution. That the levy was made before any proceedings in bankruptcy."

The referee certifies the following conclusions of law:

"That the parties S. S. Duguid and James Duguid are entitled to their exemptions, each $500; that James Duguid, being a minor, cannot be adjudged a bankrupt, nor have any benefit of the bankrupt law; that the only part of the amount realized from the sale of the excess of goods by the sheriff that the trustee is entitled to administer in bankruptcy is one-half of the $360, which is the interest of Sallie S. Duguid; that the sheriff of Craven county pay one half of the amount received from the sale of the stock to the Dewitt Shoe Company, and the other half to the trustee of Sallie S. Duguid; that no notice was served to set aside the said judgments within ten days after their rendition."

It is stated in the certificate that the counsel who filed the petition moved the court (referee) to adjudicate the firm of Duguid & Son bankrupts. The referee court declined, on the ground that

James Duguid was a minor, and could not be adjudicated bankrupt. The petition was signed by Sallie S. Duguid, as was also all the schedules which include the firm assets. "The referee court holds the guardian has no right to consent to the administration of the ward's interest in the bankrupt court. Under the bankrupt law, a minor cannot figure in a bankrupt court."

The contest is principally between creditors of the firm. Those who obtained judgments on January 15, 1900, within four months of the petition in bankruptcy, claiming they are entitled to half the excess in the hands of the sheriff, as the interest of James Duguid, and other creditors claiming all the assets of the firm, and the members thereof, should be administered by the trustee in bankruptcy.

The first conclusion of law by the referee, that James Duguid is entitled to the personal property exemption set apart to him, is in accordance with the laws of North Carolina, as decided by the supreme court of the state, which this court follows. See In re Stevenson (D. C.) 93 Fed. 789, and cases cited. The referee's decision on this question is therefore affirmed. In North Carolina, in case of the bankruptcy of a partnership, where there are firm assets, but no individual estate, each partner is entitled to receive out of the partnership assets the exemption allowed by the law of the state, provided the other partner or partners consent thereto. Ordinarily the conclusion that a minor cannot figure in the bankruptcy court is correct. There are some exceptions, however, to this rule, so laconically stated by the referee. In voluntary proceedings, the act of 1898 provides, "Any person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." A minor is a person, and he may owe debts, but ordinarily such debts are voidable. Under certain circumstances, he may contract debts for necessities; but these debts are the exceptions, not the rule. Parties dealing with a minor in commercial transactions do so at their peril. Sometimes, in their anxiety to sell goods, salesmen, if they know it, shut their eyes to the incapacity of a minor to contract and the law. They assume the risk, and, if disappointed when pay day comes, they can blame themselves,— no one else.

An infant is not generally liable for a debt contracted during infancy. Such debts are voidable. Who can prophesy with any certainty what course an infant will adopt with reference to such debts after attaining his majority? The uncertainty of such course is even greater than the four over which the wise man, Solomon, was perplexed, as recorded in Proverbs. Guardians and others who have had experience can testify feelingly on this subject. Those who have not had the experience, but contemplate testing the matter, will be entitled to do so at some future period. To the former it is regarded as grounds where fools rush in, but angels fear to tread. In discussing this question in Re Derby, Fed. Cas. No. 3,815, Judge Blatchford says:

"The general contracts of an infant having no force if disaffirmed by him after attaining his majority, it is idle for him to set forth, in a voluntary case commenced during his infancy, a schedule of his creditors, and idle for them

to prove their debts during his infancy, for the whole proceedings must be in vain, if the debts are disaffirmed by him after he attains his majority."

And there are other difficulties attendant on an involuntary case. The debts must be such as are provable under the statute, and an act of bankruptcy must also be set forth. The difficulties will present themselves to the legal mind, and the conclusion is that an infant cannot be adjudged a bankrupt either when he seeks voluntarily the benefits of the law, or an attempt is made to force him into bankruptcy. Whether a debt for necessities would support a petition or not does not arise, but even this was an open question in England in 1891. In re Soltykoff [1891] 1 Q. B. 415. The referee is therefore affirmed in holding the infant member of the firm could not join in the petition or be adjudged a bankrupt.

But the infant was associated with his mother, a widow, the only adult in the firm, who files the petition, schedules her own and the firm assets, and asks that both be adjudged bankrupt. Her prayer as to herself is granted, and an adjudication as to the firm refused. The petitioner was the only one who could act for the firm, and she asked that the firm be adjudged bankrupt, the petition being on the prescribed printed form of a partnership petition.

Section 5 provides for proceedings in partnerships, and subsection "c" provides that when the court has jurisdiction of one partner it may have jurisdiction of all the partners, and of the administration of the partnership and individual property. Subsection "h" of this section provides for cases wherein one partner is adjudged bankrupt and the others not, but this subsection does not apply to the case at bar; for it provides the partnership estate shall not be administered in bankruptcy unless by consent of the partner or partners not adjudged bankrupt. James Duguid cannot, as before said, be adjudged a bankrupt, nor could he, legally speaking, consent, but has done so, as stated in the petition, personally and by his general guardian. This, of course, is a vain act, as an infant cannot consent to the disposition of his estate, but must proceed by obtaining an order of court, as provided by the law of his domicile. The exception "unless by consent" contemplates full legal capacity to consent. This is readily inferred from the remainder of the section quoted, which provides: "But such partner or partners not adjudged bankrupts shall settle the partnership business as expeditiously as its nature will permit and account for the interest of the partner or partners adjudged bankrupt." This a minor could not do. If the minor could not consent to the adjudication, he could not object to it. He could not settle up the business, and the adult member of the firm was the only member of the partnership who could, stricti juris, do any act concerning the partnership assets and affairs. It does not appear what amount the minor contributed to the partnership, or whether he contributed anything; and, if he did contribute, from whence he obtained what was contributed. It may be he had no estate of his own, and his mother, for purposes of her own, flattering her boy's vanity, contributed all the capital, and only nominally made him a partner, for the purpose of giving him employment. However this may be, she was the only member of the part-

nership who could legally act for and control the partnership affairs. The statute (section 5c) expressly authorizes the court having jurisdiction of one of the partners to administer the estate of the partnership. Upon a petition of less than all the partners, the court may adjudge the partnership bankrupt. In re Grady, Fed. Cas. No. 5,654; In re Greenfield, Fed. Cas. No. 5,772. Hence the referee should have adjudged the firm of S. S. Duguid & Son bankrupt. An adjudication will now be made accordingly, and the assets will be administered by a trustee elected, or to be elected, by the partnership creditors. The judgments obtained within four months of the filing of the petition are void, under the statute. In re Richards (D. C.) 94 Fed. 633; In re Gutwillig (D. C.) 90 Fed. 475–481; Blake v. Francis-Valentine Co. (D. C.) 89 Fed. 691; In re Brown (D. C.) 91 Fed. 358; Bankr. Act, § 67f.

The finding of the referee that the only part of amount realized from the sale of goods by the sheriff that the trustee is entitled to administer in bankruptcy is the interest of Sallie S. Duguid, and that the sheriff pay over one-half of the amount received from the sale of the goods to the Dewitt Shoe Company, judgment creditor of James Duguid, etc., must be reversed. James Duguid is not before this court, but the corpus of the firm of Duguid & Son is, and, having jurisdiction of one of the partnership, this court will administer the estate of the firm. The trustee in bankruptcy is entitled to the whole of the excess proceeds of sale, after allotting the personal property exemption, less the cost of sale. This court has no jurisdiction or interest in the judgments against James Duguid, whether they are void for want of service or other irregularities, or voidable, except in so far as they are against the partnership of Duguid & Son. As to the firm now adjudged bankrupts and the partnership assets, such judgments, having been obtained within four months of the filing of the petition, are void, not for any irregularity, but because the statute makes them so.