### In re W. J. FLOYD & CO.

(District Court, E. D. North Carolina. June 19, 1907.)

BANKRUPTCY—PARTNERSHIP—MEMBERS OF FIRM—EXEMPTIONS.

Where a minor, though having contributed to the capital of a firm, did not participate in the assignment which constituted the act of bankruptcy, nor take any part in any of the firm's transactions, and was not a partner as to creditors, he was not entitled to an exemption allowance out of the personal property of the estate.

J. D. Grimes, W. C. Rodman, and N. L. Simmons, for bankrupt.
A. D. McLean, J. C. Meekins, Jr., and C. H. Harding, for creditors.

PURNELL, District Judge. At the hearing before the referee, W. D. Floyd, a minor, son of W. J. Floyd claimed, or it was claimed for him, that he was a member of the firm of W. J. Floyd & Co. and contributed $2,500 to the capital stock of the firm; that amount having been given him by his mother, the wife of W. J. Floyd. He did not participate in the assignment, the act of bankruptcy, for which the adjudication was made, his name does not appear on the bill or letter heads, nor is there any other evidence of his being a member of the firm. In short, he seems to have been, and assented to being, ignored in all firm transactions. Any contract he might have entered into in this behalf would have been voidable at best. As a member of the firm, his name was never mentioned when seeking credit, and after hearing all the testimony the referee has decided Wayne D. Floyd was not a member of the firm so far as the rights of creditors are concerned. Credit was never extended, as far as the record discloses on his account, but he now claims a personal property exemption out of the assets of the firm. The relationship of minors to the courts of bankruptcy was discussed by this court in Re Duguid, 100 Fed. 274, 3 Am. Bankr. Rep. 794, cited in Collier 63, 100, and 101, and in Loveland on Bankruptcy 172, 183, 294, 298, 299, 306, 492, 539. A citizen of

North Carolina, member of a partnership, is not entitled to the personal property exemption out of partnership assets unless all the partners· consent, but, not being a partner, he could not claim this exemption.

The decision of the referee that Wayne D. Floyd was not a member of the firm of W. J. Floyd & Co., and is not entitled to a personal property exemption out of the assets of the firm, is affirmed.