### In re EASLEY.

(District Court, W. D. Virginia. November 23, 1898.)

1. BANKRUPTCY—ASSETS—PROCEEDS OF EXECUTION SALE.

Where a judgment has been recovered in a state court, execution issued, and levied on personal property, and sale thereunder made by the sheriff, before the commencement of proceedings in bankruptcy against the debtor, the proceeds of sale, remaining in the hands of the sheriff, are beyond the jurisdiction of the court of bankruptcy, and he will not be enjoined from paying the same to the execution creditor; and it is immaterial that

the time limited by law for the sheriff to make his return has not yet expired, the creditor's title to the money being complete from the sale.

2. SAME—DISSOLUTION OF LIENS.

Bankrupt Act 1898, § 67, subsec. c, providing that "a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity * * * which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt," if fraudulent or preferential, does not affect the lien of an execution issued and levied within the four months, but founded on a judgment recovered two years before.

3. SAME—VOLUNTARY AND INVOLUNTARY CASES.

Bankrupt Act 1898, § 67, subsec. f, providing that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," applies only to cases of involuntary bankruptcy.

In Bankruptcy. On motion to dissolve an injunction.

Wm. Leigh, for bankrupt.
Mr. Barksdale and G. E. Cashie, for execution creditors.

PAUL, District Judge. This is a motion to dissolve an injunction heretofore awarded on the petition of the bankrupt, restraining the sheriff of Halifax county, Va., from paying over certain money in his hands to T. B. Johnson & Bro., creditors of the bankrupt. The facts to be considered are as follows: At the September term, 1896, of the circuit court of Halifax county, said T. B. Johnson & Bro. recovered a judgment against said Easley, the bankrupt, for $158.91, with interest and costs. On the 5th day of September, 1898, an execution was issued on said judgment, and under proceedings had before a commissioner of the circuit court of Halifax, in accordance with the provisions of section 3603, Code Va. 1887, the said Easley was required to deliver to the sheriff certain property, to wit, a watch and chain, and one share of stock in the Bannister Mills Company, as being subject to the lien of the execution. After advertising according to law, the sheriff, on the 27th day of September, 1898, sold said property for the sum of $127.25 cash, which was paid to the sheriff. On the 30th day of September, 1898, Easley filed his petition in bankruptcy, and was on the 6th day of October, 1898, adjudicated a bankrupt. Thereupon he filed a petition in this court, praying that the sheriff be enjoined from paying over to the execution creditor the said sum of $127.25, and that the same be set apart to him as exempt under the provisions of the bankrupt act. The sheriff files his answer to the petition for an injunction, admitting substantially the facts as herein stated, and that he holds the money subject to the order of this court.

The question to be determined is, does the levy of the execution on personal property of the bankrupt, and a sale thereunder, prior to the order of adjudication in bankruptcy, place the property, or the proceeds of the sale thereof, beyond the jurisdiction of the bankrupt court? The contention of the counsel for the bankrupt is that, the money being in the hands of the sheriff, and not having been paid to the creditors at the time of the adjudication in bankruptcy, the right

thereto is vested in the trustee, and that it is under the control of this court as part of the assets of the bankrupt estate. By the provisions of sections 3587, 3601, Code Va. 1887, a writ of fieri facias is a lien upon all the personal property of the execution debtor, whether capable of being levied on or not, from the time it is delivered to the sheriff or other officer to be executed. Savage's Assignee v. Best, 3 How. 111, was a case arising under a statute of Kentucky which made a fieri facias a lien upon the real estate and personal property of the debtor by its delivery to the sheriff to be executed. After the execution went into the hands of the sheriff, the debtor was adjudged a bankrupt under the bankrupt act of 1841. The sheriff, after the adjudication in bankruptcy, sold the land under the execution, and in a controversy between the purchaser of the land at the sheriff's sale, and the assignee of the bankrupt estate, the supreme court held that the purchaser of the land had a title superior to that of the assignee. In Marshall v. Knox, 16 Wall. 551, a lessor had, under a law of Louisiana providing for the collection of rent, levied a writ on certain property before the debtor was adjudicated a bankrupt. The supreme court held that the goods in the hands of the sheriff could not be taken out of his hands by the assignee, under the bankrupt act of 1867; the court in that case saying:

"Such case is similar to that of an execution, in reference to which it has been held that, where a levy is made before the commencement of proceedings in bankruptcy, the possession of the officer cannot be disturbed by the assignee."

The cases cited show that, as between the officer of a state court who has levied an execution on property before the debtor is adjudged a bankrupt, and the assignee, the process of the state court is superior to the title of the assignee or trustee appointed by the court of bankruptcy. This being so, the question before this court is not difficult of determination. Here not only was the execution levied before the adjudication in bankruptcy, but a sale had been made of the property, and the money for which it sold paid to the sheriff. The levy by the sheriff on the personal property of the debtor, if of sufficient value, was a prima facie satisfaction of the execution. 7 Am. & Eng. Enc. Law (1st Ed.) 157. Where the property levied on is not sufficient to satisfy the whole execution, it is by such levy satisfied pro tanto.

It is contended that, as the sheriff had 90 days in which to make his return, the title to the money did not vest in the execution creditors until the expiration of the time. In Turner v. Fendall, 1 Cranch, 117, a case where the sale had been made by the sheriff, the supreme court held that the title of the creditor to the sum levied is complete. It is insisted that under section 67, subsec. c, of the present bankrupt act, the levy of the execution being within four months before the filing of the petition in bankruptcy, it was dissolved by the adjudication of the debtor to be a bankrupt. Under said subsection c it is provided:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt if," etc.

' The judgment in this case was obtained in 1896, and the provisions of said subsection c have no application in this case. A lien created on personal property by issuing an execution on a judgment obtained two years before is not a lien created pursuant to any suit or proceeding at law or in equity begun against the bankrupt within four months of his being adjudicated a bankrupt. Subsection f, § 67, of the bankrupt act is also invoked to sustain the contention that the levy of the execution issued on the 5th day of September, 1898, was null and void, because made within four months prior to the filing of the petition against the bankrupt. This provision so clearly applies to a case of involuntary bankruptcy as not to admit of discussion in a case like this, of voluntary bankruptcy. An order will be entered dissolving the injunction.