In re BROWN et al. (BLUMAUER-FRANK DRUG CO., Intervener).

(District Court, D. Oregon. December 24, 1898.)

No. 4,353.

1. BANKRUPTCY—EFFECT ON PRIOR CONVEYANCES AND LIENS.

Under Bankruptcy Act 1898, §§ 67, 70, since a petition in involuntary bankruptcy could not be filed until the expiration of four months from the passage of the act, and transfers and liens affected by an adjudication in bankruptcy are such only as were made or obtained within four months prior to the filing of the petition, no transfer of property, lien, or incumbrance is avoided by an adjudication in involuntary bankruptcy, unless made or created subsequent to the passage of the act.

2. SAME—VOLUNTARY CASES.

In voluntary cases in bankruptcy, a transfer or conveyance of property by the bankrupt is not affected by the adjudication, unless made subsequent to the passage of the act, and within four months prior to the filing of the petition; but a lien created or obtained through legal proceedings against him within four months before the filing of the petition, though before the passage of the act, is avoided by the proceedings in bankruptcy, if otherwise within the terms of the statute.

3. SAME — PROPERTY FRAUDULENTLY CONVEYED — TITLE REVESTING IN BANKRUPT.

Although property fraudulently conveyed before the passage of the bankruptcy act, by a debtor who is subsequently adjudged bankrupt, would be beyond the reach of the court of bankruptcy, yet if the title to the same has revested in the bankrupt, and is in him at the time of the filing of the petition, it is a part of his estate to be administered in bankruptcy.

4. SAME—PROPERTY IN POSSESSION OF RECEIVER OF STATE COURT.

Where creditors have brought suit to set aside a fraudulent conveyance of property, and procured the appointment of a receiver, who has obtained possession of the property in question, but in the meantime the fraudulent grantee has voluntarily restored the title to the grantor, and the latter is afterwards adjudged a bankrupt, the possession and administration of the property belong to the court of bankruptcy, and the receiver cannot retain the custody thereof as against that court.

In Bankruptcy.

Dell Stuart, for bankrupts.

Wm. T. Muir, for Blumauer-Frank Drug Co.

Wirt Minor, for certain creditors.

BELLINGER, J. Brown and Heath were until about the 31st day of May, 1898, partners, conducting a druggist's business in Baker City, Or. On that day, the partners, with one Rupert, formed a corporation, for the purpose of conducting the same business, named the Brown-Heath Company, to which the partnership transferred all its property. It is conceded that this transfer was made for the purpose of defrauding the creditors of the partnership, and of the members thereof. On August 3, 1898, the Blumauer-Frank Drug Company brought an action in the circuit court of the state against the partnership, on a claim for $1,128, and at the same time began actions against the partners individually, to recover from them, as individuals, certain sums due. Writs of attachment were issued in all three of these actions, under which levies were made upon the goods and other personal property used in the business of the Brown-Heath Company. By virtue of the liens of these attachments, the Blumauer-Frank

Drug Company, on August 3d, began a suit in equity in the state court, to avoid the fraudulent conveyance made by the partnership to the corporation, and had a receiver appointed, to whom the sheriff surrendered the property, and who now holds the same. The receiver's possession has continued since the 7th day of August, 1898. Judgment for want of an answer in each case was taken, and the attached property ordered sold. The petition in bankruptcy in this case was filed on the 30th day of August. Prior to filing the petition in bankruptcy, the Brown-Heath Company reconveyed to the partnership the property theretofore fraudulently transferred as stated.

Inasmuch as petitions in cases of involuntary bankruptcy can only be filed after the expiration of four months from the passage of the act, and the only liens that are affected by an adjudication in bankruptcy are those which are created within four months prior to the filing of the petition in bankruptcy, it follows that no lien, incumbrance, or conveyance is affected by an adjudication of involuntary bankruptcy, unless it was created or made subsequent to the passage of the act. From this, and the fact that only such conveyances, incumbrances, etc., as were made subsequent to the passage of the act are affected by it, the contention is made that congress did not intend to distinguish, in respect to the retroactive operation of the statute, between cases of voluntary and those of involuntary bankruptcy; that the four-months limitation within which liens of attachment, judgments, etc., are dissolved by an adjudication of bankruptcy, begin in every case to run subsequent to the passage of the act. But the act, by its terms, distinguishes between conveyances and liens created by or pursuant to suits or other proceedings at law or in equity, and the court cannot read the words "subsequent to the passage of the act" into these several provisions when they occur in but one. As to conveyances, incumbrances, etc., the effect of an adjudication of bankruptcy is limited to cases occurring subsequent to the act, while in respect to other liens there is no such limitation. The fact that the four-months limitation in cases of involuntary bankruptcy necessarily begins to run subsequent to the passage of the act is a consequence, not the cause, of the time allowed insolvents before proceedings can be begun against them after the act took effect; and it is significant that in these cases, so long as the levies, judgments, attachments, and other liens are obtained within the four months, it is immaterial how long prior to that period the proceedings from which these liens result were begun, while under paragraph c of section 67, which applies to both voluntary and involuntary bankruptcy, the suits or other proceedings from which the lien results must have been begun within the four-months period.

But the present case is not affected by these questions. The liens of the drug company, and the proceedings under which they arose, were all subsequent to the passage of the act. Nor does it affect the question that, at the time the bankrupt act was passed, the title to the property in dispute was in the Brown-Heath Company, the fraudulent grantee, and was therefore beyond the reach of the bankruptcy court, assuming that the device of a conveyance by the partners to a corporation formed and controlled by them to take it would have

that effect. By the voluntary reconveyance of the property by the Brown-Heath Company, it becomes a part of the bankrupt estate, to be administered as such. The court is not called upon to set aside a conveyance. There is no such effect attaching to property which has been, at some time prior to the proceedings in bankruptcy, the subject of a fraudulent transfer, as to preclude the court of bankruptcy from thereafter dealing with such property, when the title is in the bankrupt. There is no contention that the bankrupt does not have the legal title, and is not in fact the owner of this property. The provision of the act as to conveyances subsequently made is merely a limitation upon the right of action to cancel transfers made by the bankrupt. Nor can the fact that the property is in the hands of a receiver, in a suit to set aside an alleged fraudulent conveyance, affect the question. The immunity which the prior conveyance has, under the bankrupt act, does not extend to the legal custody taken in a suit to cancel the conveyance, the property having in the meantime been voluntarily restored by the fraudulent grantee to the bankrupt. It is a question of title, not of custody. If the title still remained in the bankrupt's transferee in the prior deed, it would be beyond the reach of the bankrupt act, not because of the receivership, but because of the condition of the title. The receivership is a mere incident of the suit, which is terminated by the reconveyance to the bankrupt. If the receiver's court is authorized under state law to retain its custody, it can only do so in order that it may be applied in satisfaction of any judgment that may be rendered against the insolvent in the action pending in that court; but any such judgment is null and void under the bankrupt act, unless the court of bankruptcy orders the lien thereby created preserved for the benefit of the bankrupt's estate.

It seems to be well settled that, upon application by the trustee or by the bankrupt, this court has power to, and should, assume jurisdiction where property is in the hands of the state court, and may and should enjoin further proceedings in that court. It is so held in Re Mallory, 1 Sawy. 88, Fed. Cas. No. 8,991; Re Fuller, 1 Sawy. 243, Fed. Cas. No. 5,148; Re Davis, 1 Sawy. 260, Fed. Cas. No. 3,620; and in many other cases. Moreover, the bankruptcy act is explicit in respect to this question. Subdivision a of section 11 provides that:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

And subdivision f of section 67 provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass

to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

The prayer of the Blumauer-Frank Drug Company, petitioners, is denied.