fore the referee. If not returned, a provisional warrant may issue to the marshal for bringing it, on motion of the trustee. And the petitionee should pay the costs of this proceeding.

Let the property in control of the petitionee be returned within five days, and the value of the rest be reported by the referee, with leave to move for warrant on failure to so return, with costs.

---

## In re DE LUE.

(District Court, D. Massachusetts. February 2, 1899.)

### No. 465.

BANKRUPTCY—DISSOLUTION OF LIEN OF ATTACHMENT—LIMITATION OF TIME.

Under Bankruptcy Act 1898, § 67c, providing that "a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process * * *, which was begun against a person within four months before the filing of a petition in bankruptcy, by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt," the lien of an attachment of the land of a voluntary bankrupt, made by virtue of a special precept issued within four months before the filing of his petition, is not dissolved by the adjudication thereon, when the suit in which such precept issued was begun a year before.

In Bankruptcy.

William W. Jenness, for bankrupt.

George W. Wardrop, pro se.

LOWELL, District Judge. De Lue was adjudicated bankrupt on his own petition, filed December 21, 1898. His trustee seeks to enjoin the sale of his real estate on execution, and to dissolve the lien created by the attachment thereof. The suit in which the execution was obtained was begun in December, 1897. No attachment was made therein until November 2, 1898, when an attachment of the real estate in controversy was made by virtue of a special precept issued in accordance with Pub. St. Mass. c. 161, § 85. The application for the precept was made upon the day on which it was issued. The levy was made December 19th, the notice being posted on that day. Section 67c of the bankrupt act reads, in part, as follows:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy, by or against such person, shall be dissolved by the adjudication of such person," etc.

The date put in question by this provision is not the date at which the lien was created, but the date at which the suit or other proceeding was begun in which the lien was obtained. The counsel for the petitioner contends that this suit or proceeding is to be taken to be the application for the special precept, and not the principal suit. The construction contended for, as it seems to me, is strained and unnatural. The act does not look to the date of the petition or other proceeding which is specially related to the attachment (the petition

for the special precept, the precept itself, or any one of the sheriff's acts thereunder), but to the date of the suit itself. The provisions of section 67f, being limited to involuntary bankrupts, have no application in this case. Petition for injunction and for dissolution of lien denied.

## PACKER v. WHITTIER.

### (Circuit Court of Appeals, First Circuit. January 20, 1899.)

### No. 222.

1. **TRIAL—SUBMISSION OF ISSUES TO COURT—NECESSITY OF FINDINGS OF FACT.**
   Plaintiff sued in the circuit court on a judgment rendered against the defendant prior to his discharge in bankruptcy, alleging that the debt was not discharged because created by the fraud of the defendant. Defendant denied the allegations of fraud, and pleaded the discharge as a defense. By stipulation of the parties, a jury was waived, and the case submitted to the court. *Held*, that it was the duty of the court, under Rev. St. § 649, to make a finding upon the issue of fraud, and that the circuit court of appeals could not, on a writ of error, examine the evidence nor supply such finding.

2. **SAME—AGREED STATEMENT OF FACTS.**
   An agreed statement of evidential facts cannot supply the place of a finding by the court upon the ultimate fact in issue.

3. **BANKRUPTCY—EFFECT OF DISCHARGE—MERGER OF DEBT IN JUDGMENT.**
   A cause of action does not become merged in a judgment thereon, so as to preclude the plaintiff from showing that the original debt was created by the fraud of the debtor, for the purpose of avoiding the effect of a discharge in bankruptcy, subsequently obtained by the debtor.

   Putnam, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Robert F. Herrick and Guy Cunningham, for plaintiff in error.
William A. Gaston and Frederick E. Snow, for defendant in error.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

WEBB, District Judge. This case comes to us on a writ of error, having been tried below by the court, and judgment ordered for the defendant (81 Fed. 335) on an agreement as follows: "In the above case both parties hereby waive the right to a trial by jury, and agree that the case may be heard and determined by the court on the agreed statement of facts herewith filed." The action was on a judgment obtained by a firm, of which the present plaintiff is the surviving partner, against the defendant, Whittier, in the superior court for Suffolk county, in December, 1875. The writ in the circuit court is dated September 24, 1895. The plaintiff's declaration contains four counts. The first sets out the judgment in the superior court, and the issue of an execution thereon, which was returned, "Satisfied for the sum of sixty-five dollars and twenty cents, and no more." It also avers that said judgment remains "in full force and effect, in no wise reversed or annulled or set aside"; "and the plaintiff further says that the said judgment has never been satisfied except in the sum of