## In re O'CONNOR.

(District Court, E. D. New York. August 7, 1899.)

1. BANKRUPTCY—LIENS—RECEIVERSHIP.

Where a creditor brings a suit to avoid a fraudulent sale of chattels by his debtor, and procures the appointment of a receiver therein, the lien acquired thereby dates from the appointment of the receiver; but, if the action was begun more than four months before the filing of a voluntary petition in bankruptcy by the debtor, the lien will be recognized and protected in the bankruptcy proceedings according to section 67, cl. c, of the bankruptcy act, though the receiver was appointed within the four months, and did not qualify until after the institution of the proceedings in bankruptcy.

2. SAME—VOLUNTARY AND INVOLUNTARY CASES.

Bankruptcy Act 1898, § 67, cl. f, providing that "all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," applies only to involuntary proceedings against a debtor, not to proceedings on his voluntary petition.

3. SAME—LIENS.

Where proceedings supplementary to execution against a debtor are suspended by his adjudication in bankruptcy on his voluntary petition, but their continuance is afterwards permitted by the bankruptcy court, and a receiver then appointed by the state court, the creditor acquires no lien upon, or specific interest in, the property of the bankrupt; for, the entire estate being under the control of the court of bankruptcy at the time of the appointment of the receiver, no title vests in the latter which could relate back to a time when the supplementary proceedings were begun.

In Bankruptcy.

Clinton T. Roe, for Pratt & Lambert, lienors.

P. Q. Eckerson, for Goodman, lienor.

Charles A. Kipling, for trustee in bankruptcy.

James J. Conway, Goeller, Shaffer & Eisler, Story & Stratton, and Howard Sperry, for opposing creditors.

THOMAS, District Judge. On May 2d O'Connor filed a petition in bankruptcy. More than four months prior thereto Goodman began a creditor's action to avoid a fraudulent sale of chattels by O'Connor, wherein, on May 1st, was appointed a receiver, who qualified after May 2d. Did the creditor thereby acquire a lien? The inception of the creditor's action created no lien as against a subsequent levy in favor of other creditors, but the appointment of the receiver operated as an equitable levy and sequestration of the chattels for the benefit of the plaintiff in the action, and perfected the lien. Bank v. Shuler, 153 N. Y. 163, 172, 47 N. E. 262. The commencement of a creditor's action to reach equitable assets does create a lien thereon, but this rule does not extend to chattels subject to be taken on execution. Brown v. Nichols, 42 N. Y. 26. In the present case the property was subject to levy on execution. Davenport v. Kelly, Id. 193; Kitchen v. Lowery, 127 N. Y. 53, 27 N. E. 357. Therefore no lien attached until one day preceding the filing of the petition. May this be avoided under the bankruptcy act? This depends upon the true construction of section 67, cls. c, f. Section 67

cl. c, avoids all liens obtained in actions begun within four months of the filing of a petition in bankruptcy by or against the debtor, provided the lien was obtained and permitted while the defendant was insolvent, etc., or (2) the party to be benefited had reasonable cause to believe the defendant was insolvent, and in contemplation of bankruptcy, or (3) such lien was sought and permitted in fraud of the act. Two general characteristics must pertain to the lien to bring it within this section: (1) The commencement of the action therefor within the limited time; (2) the sufferance of the debtor, or knowledge by the creditor of the debtor's insolvency and contemplated bankruptcy. The present case does not fall within the purview or any of the provisos of section 67, cl. c. The subdivision generally refers to liens obtained by the acquiescence or connivance of the debtor, or in view of his known insolvency and contemplated bankruptcy in actions begun within four months of his petition. The section is meritorious, although it may admit of some modification. It protects a creditor whom vigilance and thrift have prompted to effort to collect debts. The bankruptcy act does not intend to paralyze the activity of creditors, nor to wrest from them the rewards of their energy after achievement, except within fixed statutory limits. If the creditor's suit was initiated more than four months before the filing of the petition, and his lien has been perfected before such filing, he should reap the benefit of his diligence in business. Congress has deemed it just to go beyond this, and to protect his lien, even though it was acquired before the filing of the petition in an action begun within four months thereof, if the facts show that he had not knowledge of the debtor's insolvency and contemplated bankruptcy, and that the debtor had not suffered his property to be taken preferentially, or in fraud of the act. How should subdivision 67, cl. f, be construed? It sweeps away all liens procured in proceedings against an insolvent debtor within four months of the "filing of a petition in bankruptcy against him." It has been held that this subdivision is applicable to voluntary as well as to involuntary cases. Such an interpretation leaves subdivision c functionless, and eliminates it from the statute. A court should hesitate to construe a statute so as to deprive a substantial portion thereof of any force or office. It is asserted that section 1 (subdivision 1), which provides that "'a person against whom a petition has been filed' shall include a person who has filed a voluntary petition," makes section 67, cl. f, applicable to voluntary as well as to involuntary cases. The words of section 1 (subdivision 1) although of an equivalent meaning, are not those used in section 67, cl. f. The differentiation of the language is narrow and technical, but it should be deemed sufficient to prevent a construction which would make section 67, cl. f, applicable to voluntary cases, with the result of literally expunging from the statute such considerable portion thereof as is contained in section 67, cl. c. But it seems to have been taken for granted that there is no sufficient reason for limiting section 67, cl. f, to involuntary cases. To this it may be replied that the question is not one of the improvidence of the statute, but rather of the intention of the legislative authority. To some it might well appear that section 67, cl. f, should have no existence, but in any case

it is considered that it is sufficiently extended when it permits creditors to defeat all liens, however obtained, accruing within four months. If the vigilant creditor has used the energy of a good business man to obtain by means of legal proceedings security for his debt, the bankrupt should not be permitted, save as provided in section 67, cl. c, to defeat his creditor by taking advantage of the bankruptcy act. That would furnish a last refuge for a contumacious debtor. If creditors are willing to leave their fellow creditor to the enjoyment of his advantage, there is no reason for the intervention of the bankrupt in their behalf. The other creditors may prefer to come in under a receivership acquired by the moving creditor, and take what they may in subjection to his prior claim. The privilege is given clearly to the creditors to choose their course. The statute does not leave the option to the debtor, and should not. It is true that in involuntary cases the creditor does not need the protection of section 67, cl. c, as the provision of section 67, cl. f, is more comprehensive, in this: that there is no limitation upon his right to avoid the lien. But it is preferable to construe the statute so that section 67, cl. c, shall have some effect, rather than in such manner that it shall be ineffective in all its parts. The construction here adopted seems to accord more nearly with Rev. St. § 5128 (Act 1867). While the matter is not free from perplexity, it is considered that the present holding gives greater force and usefulness to each section involved, and accords more nearly with the precise reading of the statute. An excellent discussion of the subject by Mr. Grayson (Chi. Leg. N., July 29, 1899), leads to a contrary conclusion. It may be consulted for an analysis of the previous decisions, and for the arguments supporting a construction other than the one here presented. Pursuant to the foregoing ascertainment, the Goodman claim must be allowed, because on May 1, 1899, the supreme court appointed a receiver of the bankrupt's property in an action begun on December 24, 1898, whereas the petition in bankruptcy was not filed until May 2, 1899. It is not regarded as important that the receiver did not qualify until May 27th. This resulted from the fact that on the 3d day of May, 1899, this court enjoined all further proceedings, which suspended the ability of the receiver to qualify, although the same has been permitted. The supreme court appointed the receiver in an action adjudged by it, and its action should not be disturbed by a mere technicality. The Code of Civil Procedure of New York (section 2468) provides: "The property of the judgment debtor is vested in a receiver, who is duly qualified, from the time of filing of the order of appointment and extending the receivership as the case may be."

The claim of Pratt & Lambert involves some further consideration. No creditor's action was begun duly upon the judgment recovered by them against the debtor on November 10, 1898, but what was equivalent thereto,—proceedings supplementary to execution were taken on December 12, 1898. These proceedings were suspended by order of this court, made on the 3d day of May, 1899, but their continuance was afterwards permitted, and on July 7, 1899, a receiver therein was appointed by the supreme court. The lien did not exist until the appointment of the receiver, and was subsequent to the undertak-

ing of this court to administer the estate. The court does not merely succeed to the interest of the bankrupt, but is vested with power over all the bankrupt's property, unless rights have theretofore vested in others. No interest vested in Pratt & Lambert, nor in the receiver, who was created pursuant to their judgment, after this court had interposed. The doctrine of relation under the New York statute may prevent the intervention of liens intermediate the order and the vesting of the property in the receiver, but it cannot thwart the jurisdiction of this court to take possession of the property, and administer the same according to rights as they existed when the jurisdiction was invoked. Under the New York statute (Code Civ. Proc. §§ 2468, 2469), "when the receiver's title to personal property has become vested," "the title relates back so as to include the personal property of the judgment debtor at the time of the service of the order" of examination. But the receiver's title in this case had not vested. Before such vesting, another court, with a different law of distribution, had seized the property, and assumed its administration. The receiver's title could not vest thereafter. The very judgment on which it was predicated was directed by the statute to be suspended by, and was dischargeable in, the bankruptcy court, and it is not conceivable that such judgment could continue so potent in its operation as to oust this court of its jurisdiction, because a receiver was appointed by virtue of it after such jurisdiction was gained. It follows from these views that the Pratt & Lambert claim may not be allowed. Some of the questions contained herein are so involved that a proper order will be granted to permit a review of the present proceedings, if desired.