### In re VAUGHAN.

(District Court, S. D. New York. November 18, 1899.)

BANKRUPTCY—DISSOLUTION OF LIENS—VOLUNTARY AND INVOLUNTARY CASES.

 Bankr. Act 1898, § 67f, providing that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," is to be construed as applying to voluntary as well as involuntary cases, since section 1, cl. 1, declares that " 'a person against whom a petition has been filed' shall include a person who has filed a voluntary petition"; and a levy of execution on personal property is dissolved by an adjudication of the debtor as a voluntary bankrupt within four months thereafter, although the suit in which the execution issued was begun more than four months before.

In Bankruptcy. On motion for stay, and delivery of property by sheriff.

Alexander Thain, for execution creditor.

Charles M. Hough, pro se.

BROWN, District Judge. On November 4, 1899, an adjudication of bankruptcy was made upon the voluntary petition of the bankrupt. On the day previous the sheriff levied upon a considerable amount of personal property under an execution in favor of Robinson in a suit which was begun more than four months before the petition in bankruptcy. This levy is sought to be set aside as null and void under section 67f, and section 1 (1).

The construction given by this court to subdivision f of section 67 in connection with section 1 (1), from almost the beginning of the administration of the act, has been, that it applies alike to both voluntary and involuntary proceedings; and in a number of cases of voluntary proceedings, liens under circumstances like the present have been held by me to be null and void, and their enforcement enjoined. I must adhere to this practice, notwithstanding some recent decisions to the contrary. In re O'Connor (D. C.) 95 Fed. 943; In re De Lue (D. C.) 91 Fed. 510; In re Easley (D. C.) 93 Fed. 419. The opposite decisions (In re Richards [D. C.] 95 Fed. 258; In re Fellerath [D. C.] 95 Fed. 121; In re Brown [D. C.] 91 Fed. 359; In re Friedman, 1 Nat. Bankr. News, 208; Manufacturing Co. v. Mitchell, Id. 262) seem to me more in harmony both with the text and the purpose of the bankrupt act.

No sound reason has been suggested, nor can I imagine any sound reason why a levy should be set aside upon an involuntary petition, and not upon a voluntary one. The relation of the execution creditor to other creditors, to the bankrupt, and to his estate, is the same in both cases; and the preference acquired by the creditor if the levy is not set aside, its consequent injury to other creditors and its subversion pro tanto of the manifest intent and policy of the bankrupt act, are in both cases precisely the same. Nothing in the bankrupt act elsewhere countenances any such distinction in the result of a voluntary and an involuntary proceeding. In every other particular the final result of each is the same.

As respects creditors, one of the most important and manifest objects of the bankrupt act is to prevent preferences and to secure an equal distribution of the assets, in spite of any action, inaction or collusion of the bankrupt. The four months clauses of the act were evidently introduced in furtherance of this purpose; and it is not credible that the application of these clauses could have been intended to depend upon the immaterial circumstance whether the bankruptcy proceeding was initiated by a voluntary or by an involuntary petition. If such a distinction were adopted, the creditor's preference by a levy, would depend wholly on the bankrupt's option; if he thereafter filed a voluntary petition he would establish the preference; if he reported the facts to creditors who filed an involuntary petition, the preference would be set aside. Thus an open door would be given for preferences ad libitum of the most important and injurious character at the mere option of the bank-

rupt alone—a result precisely opposite to the evident intent of the law.

A construction leading to results so incongruous and subversive of one of the main purposes of the act in avoiding preferences, could only be admitted under the strictest necessity. No such necessity, as it seems to me, can be said to exist when section 1 (1) declares that:

" 'A person against whom a petition has been filed' shall include a person who has filed a voluntary petition,"

—thus apparently making obligatory the opposite construction. Reading this provision with section 67f, the act becomes harmonious and consistent and its chief objects are secured.

That this construction of subdivision f of section 67 may more or less supersede the application of subdivision c, seems to me, in view of the composite structure of the act (Coll. Bankr. p. 383; In re Friedman, supra), to be of minor importance as compared with the preservation of one of the main purposes of the act. Somewhat similar instances of overlapping provisions occur both in the revenue and even in the criminal sections of the Revised Statutes.

The stay should be granted.