In re HIGGINS.

(District Court, D. Kentucky. November 20, 1899.)

**1. BANKRUPTCY—DISSOLUTION OF LIENS—LIMITATION OF TIME.**

Bankr. Act 1898, § 67c, providing that an adjudication in bankruptcy shall dissolve "a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun" against the bankrupt within four months prior to the filing of the petition, does not refer, necessarily, to the beginning of the action or suit itself, but to the beginning of that part or branch of the proceedings whose special object is to secure a lien on property of the debtor.

**2. SAME—ATTACHMENT.**

Where an attachment is sued out in a pending suit, upon the filing of an affidavit and bond as required by the state statute, and is levied on property of the debtor, within four months prior to the filing of a petition in bankruptcy by or against him, the lien so acquired will be dissolved by his adjudication as a bankrupt, if it appears that such lien was obtained while the defendant was insolvent, and that its enforcement would work a preference, notwithstanding the fact that the original action had been pending for more than a year.

In Bankruptcy. On review of decision of referee in bankruptcy.

Charles Grubbs, for W. A. Pinkerton.
Wheeler & Worten, for bankrupt.

EVANS, District Judge. The petition in this case was filed January 18, 1899, and the adjudication was made on the 20th,—two days later. After the selection of a trustee, W. A. Pinkerton, a creditor, proved, as a preferred claim, a demand in his favor against the bankrupt for $353.98. The claim of preference made by this creditor was based upon the fact that he had commenced an action at law against the bankrupt in the Marshall circuit court, to recover his debt, on May 31, 1897; that it was pending and undetermined on January 12, 1899, and that on that day, but not before, said Pinkerton had made an affidavit setting up grounds of attachment under the Kentucky Code of Practice, and had filed it in said action, and therein prayed that an order of attachment might then issue, that such an order was issued accordingly on that day, and levied on the assets of the bankrupt which afterwards came to the hands of the trustee. Upon the hearing before him, the referee sustained the claim of this creditor to a preference, and the trustee has brought the matter here for review. The action of the court must depend upon the proper construction of certain clauses of section 67 of the bankrupt act, which read as follows:

"(c) A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such persons shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference," etc. "(f) That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property af-

fected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

If the language of clause "c," regardless of all other considerations, is to be construed as referring to the date of the institution of the action in which the attachment was long afterwards obtained, no difference what might be the date of the attachment itself, or the application therefor, there must be a decision of the question in favor of the creditor. A case has been referred to which supports this view, but I have found it impossible to agree with it. There does not seem to me to be any sound reason for supposing that congress could have intended to refer to anything except the beginning of that part of the proceeding which secured the writ under which there was a seizure of, and consequent lien upon, some of the debtor's property, whereby it was put in a position where other creditors could see that a lien was being claimed upon it to the exclusion of their otherwise equal right to share in it. Here a suit had been quietly but slowly progressing in the state court for nearly two years, but no attachment had been sued out, nor had anything equivalent to a lis pendens respecting this property been brought about, nor had anything been done by Pinkerton to entitle him to claim any exclusive right to have these assets appropriated to the payment of his demand. No lien existed, nor was any claimed, up to that time, nor did the right to any exist. Under section 196, and other sections, of the Kentucky Civil Code of Practice, an order of attachment may be obtained at any time before final judgment, upon the filing of an affidavit stating the statutory grounds therefor, and upon the execution of a bond, etc.; and under section 201 other orders of attachment may subsequently issue without additional affidavit or bond. While the issual of the attachment, or the obtaining of the order therefor, is not the commencement of the action itself, under the Kentucky Code, it is the beginning of the claim for a lien; and the whole reason of the thing seems to me to demand such a construction of the foregoing clauses of the bankrupt act as will make the time of beginning the proceedings for the attachment, instead of the beginning of the action itself (at which time there was no claim for, or reference to, an attachment), as the period when the four months must begin. The mere letter of the statute must yield to the reason and spirit of it. End. Interp. St. § 258; U. S. v. Kirby, 7 Wall. 486, 487, 19 L. Ed. 278. The rule established by the supreme court is that, "in whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect." Collins v. New Hampshire, 171 U. S. 34, 18 Sup. Ct. 768, 43 L. Ed. 60; Henderson v. Mayor, etc., 92 U. S. 259, 23 L. Ed. 543; Morgan's Louisiana & T. R. & S. S. Co. v. Louisiana Board of Health, 118 U. S. 462, 6 Sup. Ct. 1114, 30 L. Ed. 237; Washington & I. R. Co. v. Cœur d'Alene Ry. & Nav. Co., 160 U. S. 100, 101, 16 Sup. Ct. 239, 40 L. Ed. 355; Lau Ow Bew v. U. S., 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340.

Under the Kentucky practice, the suing out of an attachment is the beginning of the action, as to that part of the remedy; and until this is done there can be no attachment, however long the action which confines itself to an effort to obtain a mere personal judgment may have been previously pending. Suppose that on January 1, 1899, some other creditor had instituted an action upon his claim, and had obtained an attachment, and had caused it, after being issued, to be levied upon this same property; and suppose that afterwards, on January 12, 1899, the attachment of Pinkerton had been sued out and levied, as it in fact was; can it be possible that congress intended that there should be worked out the anomalous and unjust, not to say absurd, result that the attachment first sued out and levied, and thereby acquiring indubitable priority, should be dissolved, under the statute, because the action itself was begun within four months of the filing the petition, while the second attachment, applied for, sued out, and levied more than ten days later, should stand, although the proceeding for the attachment was not begun until a few days before the bankruptcy? The contention does not seem to be maintainable. See Lau Ow Bew v. U. S., 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340, and cases there cited to the proposition that "nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion." In the case above supposed, the state law, if there had been no bankruptcy, would have given unquestionable priority to the first attachment regardless of the mere date of the institution of the actions; and we could not reconcile section 67 of the bankrupt act with clause 5 of section 64 otherwise than by the construction I have given. That clause gives priority to "debts owing to any person who by the laws of the state or the United States is entitled to priority." The case In re De Lue (D. C.) 91 Fed. 510, manifestly supports the view of the referee in this matter; but as the learned judge, in passing upon this case, at least to some extent, finally put his judgment upon the mistaken ground that clause "f" of section 67 only applied to cases where there was the filing of the petition in bankruptcy against the debtor, and not where there was the filing of a petition in bankruptcy by a debtor, thus overlooking clause 1 of section 1 of the act which makes the one phrase include the other, it is not impossible that, had not this been the fact, a fuller investigation might have led Judge Lowell to a different conclusion, although in other respects he puts his opinion upon grounds diametrically opposed to the views I have expressed. That seems to be the only case in which this section of the statute has been construed in that way, although the cases In re Easley (D. C.) 93 Fed. 419, and In re Richards (D. C.) 95 Fed. 258, may have some bearing upon the question.[1]

For the reason suggested, however, the decision of the referee in this case is disapproved and set aside; and inasmuch as it manifestly appears from the record that the lien of said attachment was ob-

[1] Note by the Court: Since the announcement of this opinion, the judgment of the circuit court of appeals of the Seventh circuit in the case of In re Richards, 96 Fed. 935, has been published.

tained and permitted while the defendant was insolvent, and that its existence and enforcement will work a preference to Pinkerton, the judgment of the court is that said attachment should be, and is, dissolved. The claim of Pinkerton may be proved as an ordinary debt, —subject, of course, to objection. It is obviously desirable that this question should be reviewed by the circuit court of appeals.