Severin *v.* Robinson.

---

## SEVERIN ET AL. *v.* ROBINSON, TRUSTEE IN BANKRUPTCY OF DAVIS ET AL.

[No. 3,797.    Filed June 4, 1901.]

BANKRUPTCY.—*Complaint to Set Aside Judgments.*—A complaint by a trustee in bankruptcy to set aside judgments against the bankrupt alleged that the defendant's judgments were taken before a justice of the peace and transcripts filed on August 15, 1898, and that the judgment defendant-filed his petition in bankruptcy October 29, 1898, but did not allege that the suits were commenced within four months, nor that the existence and enforcement of the judgments would work a preference, nor that the judgment plaintiff had reasonable cause to believe that the defendant was insolvent or in contemplation of bankruptcy. *Held,* that the complaint was sufficient under §67f of United States bankruptcy law of 1899. *pp. 56-61.*

SAME.—*Preference of Creditors.—Judgments.—*Under the bankruptcy act (U. S. R. S. 1899, p. 845, §67f), enacting that all judgments obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be void, in case he is adjudged a bankrupt, and the property affected by the judgments shall pass to

the trustee as a part of the assets of the bankrupt, a creditor who obtains a judgment against an insolvent debtor within four months prior to the filing of a petition in bankruptcy by him does not obtain a preference over the other creditors of the bankrupt. *pp. 57-61.*

From Owen Circuit Court; *G. W. Grubbs,* Judge.

Action by John C. Robinson, as trustee in bankruptcy of James F. Davis, against Henry Severin and others, to set aside judgment liens. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*M. W. Hopkins, I. H. Fowler* and *T. G. Spangler,* for appellants.

*Willis Hickam,* for appellees.

WILEY, P. J.—On December 15, 1898, the appellee, as trustee in bankruptcy of James F. Davis, filed his complaint against numerous persons, among others the appellants, to set aside preferential liens. His complaint contains the following allegations: "That James F. Davis filed his voluntary petition in bankruptcy on October 29, 1898, and was adjudged bankrupt, and the plaintiff selected his trustee in bankruptcy; that for more than a year prior thereto said Davis had been insolvent; that after he became insolvent, and within four months prior to his adjudication in bankruptcy, viz., on August 15, 1898, and after he had disposed of all of his property by fraudulent transfers, Davis suffered and permitted appellants to take judgments against him, they having at the time knowledge of his insolvency; that these judgments were taken before justices of the peace in Owen county, and on the same day transcripts were filed in the office of the clerk of the Owen Circuit Court, and all of the judgments were taken and suffered with the unlawful and fraudulent purpose of enabling the appellants to obtain preferences of their said claims." The appellants filed answers to the complaint, in which they sought to uphold the judgment liens thus obtained, on the ground that they were obtained through adverse proceedings, and were therefore

not "procured or suffered" by the defendant. Demurrers filed by the appellants to the complaint were overruled, while the foregoing answers were held insufficient on demurrers filed by the appellee.

The case was tried by the court and a special finding of facts made, with conclusions of law thereon. The court found that appellants' judgments were taken within four months of the date of the adjudication in bankruptcy in actions commenced within that time; that Davis was insolvent, and that such judgment liens would operate as preferences.

The eleventh conclusion of law is as follows: "That the judgment creditors set forth in these findings, and whose judgments were obtained against said Davis within four months of the date of said Davis' petition in bankruptcy (were so obtained and without collusion with said Davis); that the lien of said judgments on the property of said Davis shall be set aside, but that said judgments, and each of them, are hereby declared not to be affected further than to be set aside as preference liens on the property of said Davis, to which ruling of the court the defendants, and each of them, at the time excepted."

The appellants' amended assignment of errors challenges the rulings of the court on their demurrers to the complaint, the demurrers of the plaintiff to their answers, and the correctness of the eleventh conclusion of law. The several assignments of error raise but a single-question, and it is therefore unnecessary to consider them separately. The sole question involved is whether a creditor obtaining judgment against an insolvent debtor within four months prior to the filing of a petition in bankruptcy by him may thus obtain a preference over the other creditors of the bankrupt.

The provisions of the bankruptcy law, Supp. to U. S. R. S. 1899, p. 845, relating to preferences, are as follows: "Section 60. Preferred Creditors. a. A person shall be deemed to have given a preference if, being insolvent, he has

procured or suffered a judgment to be entered against him in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"b. If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition or before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

"Sec. 67. Liens. c. A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon *mesne* process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy, or (3) that such lien was sought and permitted in fraud of the provision of this act."

'"f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

Under section 60a, a person is deemed to have given a preference if, being insolvent, he has permitted or suffered a judgment to be entered against him and the effect of the enforcement thereof will be to enable a judgment creditor to obtain a greater percentage of his debt than any other of such creditors of the same class. But under subsection b, such judgment cannot be set aside unless taken within four months before the filing of the petition and the creditor had reasonable cause to believe that it was intended thereby to give a preference. Measured by this section of the statute, the complaint would be insufficient, for the reason that it is not alleged that the effect of the enforcement of the judgments would enable appellants to obtain a greater percentage of their debts than any of the other creditors of the same class, and because also it is not alleged that the appellants had reasonable cause to believe that it was intended thereby to give a preference.

Under section 67c, judgments obtained in suits commenced within four months before the filing of a petition in bankruptcy are dissolved, if it appears that the lien was obtained and permitted while the defendant was insolvent, and its existence and enforcement will work a preference, or if the judgment plaintiff had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy.

The complaint alleges that the judgments of the appellants were taken and transcripts filed on August 15, 1898, and that the judgment defendant filed his petition in bankruptcy on October 29, 1898, within four months, but it is not alleged that the suits were commenced within four months. It is likewise not alleged that the existence and enforcement of the judgments will work a preference, or that the judgment plaintiffs had reasonable cause to believe the defendant was insolvent or in contemplation of bankruptcy. So that, measured by the provisions of section 67c, the complaint would be insufficient.

Section 67f provides that all judgments obtained against one who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the judgment shall be deemed wholly discharged and released from the same. This section is sweeping enough to avoid all judgments taken against an insolvent within four months prior to the filing of a petition in bankruptcy against him, and would avoid the judgments of the appellants if the subdivision can be held to apply to voluntary proceedings in bankruptcy. In the earlier decisions of the federal courts construing this subdivision it was held to apply only to cases in involuntary bankruptcy. See *In re Easley,* 93 Fed. 419; *In re Collins,* 1 Nat. Bank News 290, 2 Am. Bankruptcy Rep. 1; *In re O'Connor,* 95 Fed. 943; *In re DeLue,* 91 Fed. 510.

In none of these decisions does the attention of the court appear to have been called to section one of chapter one of the bankruptcy act, defining the meaning of terms and phrases, and which provides: "(1) A person against whom a petition has been filed shall include a person who has filed a voluntary petition." So that, in the later cases, it has been uniformly held that §67f applies both to voluntary and involuntary bankruptcies. *In re Dobson,* 98 Fed. 86; *In re Richards,* 95 Fed. 258; *In re Kenney,* 97 Fed. 554; *In re Higgins,* 97 Fed. 775; *In re Rhoads,* 98 Fed. 399; *In re Spacht,* 2 Nat. Bank News, 238; *In re Vaughan,* 97 Fed. 560; *In re Brown,* 91 Fed. 359; *In re Kemp,* 101 Fed. 689.

The construction of section 67f and its application to judgments similar to those involved in this appeal came before Judges Woods, Jenkins, and Baker sitting as the United States Circuit Court of Appeals, 7th Circuit, *In re Richards,* 96 Fed. 935, 37 C. C. A. 634, and in an exhaustive opinion by Judge Jenkins these sections were declared to be in irreconcilable conflict, and it was held that section f, being the last section, would prevail over former sections, and must be held to apply to both voluntary and involuntary

bankruptcies, and that all liens obtained through legal proceedings against an insolvent debtor within four months prior to the filing of a petition in bankruptcy by or against him are annulled by his adjudication in bankruptcy irrespective of the question whether the debtor suffered or permitted the lien to be obtained, and irrespective of any knowledge of the creditor of the debtor's insolvency. This decision of the federal court, in a district embracing the State of Indiana, construing a federal statute, in its effect upon judgments similar to those involved in this case, must be regarded as of controlling authority.

Our conclusion therefore is, adopting the language of the text in Collier on Bankruptcy (3rd ed.), p. 433, that "the broad provisions of paragraph f [§67], annulling and avoiding all liens obtained through legal proceedings against a person who is insolvent, upon his adjudication either in voluntary or involuntary bankruptcy, govern." And, "under the terms of paragraph f nothing need be shown in order that the liens obtained through legal proceedings shall be deemed null and void except the fact of the insolvency, at the time of the creation of the lien, of the person on whose property the lien exists, and the subsequent adjudication in bankruptcy. The intentions of the debtor, the intentions and knowledge or the reasonable cause of belief of the lienors, the effect of the enforcement of the lien, and the motives of the parties, are all alike immaterial. The rule is fixed and arbitrary that all liens obtained through legal proceedings against a person who is insolvent, if obtained within four months prior to the filing of the petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt." The decisions of the federal courts, and the quotations from Collier, to which we have referred, settle every question discussed by appellants adversely to them. This conclusion makes it unnecessary for us to pass upon the motion to dismiss the appeal.

Finding no reversible error in the record, the judgment is affirmed.